**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Gary Martin Wirtz, Appellant.

Appellate Case No. 2020-001388

Appeal From Oconee County
Letitia H. Verdin, Circuit Court Judge

Unpublished Opinion No. 2023-UP-172
Submitted April 1, 2023 – Filed May 3, 2023

**AFFIRMED**

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

**PER CURIAM:** A jury convicted Gary Martin Wirtz of trafficking methamphetamine, 10 to 28 grams, third offense, and possession of a weapon during the commission of a violent crime, and the trial court sentenced him to

concurrent terms of twenty-five years' imprisonment on the trafficking charge and five years' imprisonment on the weapons charge. Wirtz appeals his convictions and sentences, arguing the trial court should have granted his pretrial motion to suppress contraband discovered during a police inventory of the vehicle he was driving when he was apprehended because the officers who performed the inventory had an investigatory motive. We affirm.

We hold the State carried its burden to justify the warrantless inventory search of the car Wirtz was driving when he was approached by Sergeant Justin Pelfrey of the Oconee County Sheriff's Department. *See State v. Key*, 431 S.C. 336, 344, 848 S.E.2d 315, 319 (2020) (recognizing the "settled principle" that the State has the burden to justify a warrantless search). Although warrantless searches are generally per se unreasonable and violate the Fourth Amendment prohibition against unreasonable searches and seizures, there are exceptions to this rule. *See State v. Miller*, 423 S.C. 95, 100, 814 S.E.2d 166, 169 (2018) ("One of those exceptions is an inventory search conducted according to standard police procedures."); *id.* ("'An inventory search of an automobile is lawful (1) where the circumstances reasonably justified seizure or impoundment, and (2) law enforcement conducts the inventory search according to routine and standard procedures designed to secure the vehicle or its contents.'" (quoting *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017)).

In his reply brief, Wirtz conceded Sergeant Pelfrey was entitled to initiate the encounter with him that led to his arrest; therefore, the circumstances under which he was approached are not at issue in his appeal. Sergeant Pelfrey testified that soon after he approached Wirtz, he discovered Wirtz was driving with a suspended license, had an outstanding arrest warrant, and lied about his identity—all of which were circumstances that required his arrest. Because there was no one else at or in close proximity to the scene who could have lawfully driven the car after Wirtz was taken into custody, it had to be impounded and towed; thus, the first requirement in *Miller* for an inventory search of a vehicle to be lawful was met.

Wirtz further references his pretrial suppression motion in which he argued the Oconee County Sheriff's Department's written procedures included no provisions regarding the opening of closed containers within impounded vehicles and law enforcement therefore exceeded the permissible scope of the inventory by confiscating drugs from a zipped bag in the driver's seat of the car. However, departmental regulations in effect at the time of the impoundment provided that "[t]he scope of the inventory extends to the entire vehicle[,] including the trunk *and all containers therein consistent with the caretaker purpose*." (emphasis added). Therefore, we hold the trial court correctly determined Sergeant Pelfrey

and the other deputies who conducted the inventory search of the car did not violate the standard written procedures in effect at the time of the incident.

Wirtz's arguments that law enforcement disregarded a requirement regarding completion of a written inventory form and should have allowed him to contact the owner of the car to avoid impoundment were not preserved for this court's review. These issues were not raised in either his written motion to suppress or during the hearing on the motion. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.